UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Criminal No. 21-20356
                                                Hon. Matthew F. Leitman

vs.

ROBERT LEE LEWIS,

        Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

An Information was filed on or around May 26, 2021, which charged the defendant Robert Lee Lewis with violating 18 U.S.C. § 922(g)(1) (Count One: Felon in Possession of a Firearm).

On July 21, 2021, Robert Lee Lewis entered into a Rule 11 Plea Agreement, wherein he pled guilty to violating 18 U.S.C. § 922(g)(1) as alleged in Count One of the Information.

In the defendant's Rule 11 Plea Agreement and pursuant to 18 U.S.C. § 924, he agreed to the forfeiture of the following firearm:

- One (1) American Tactical Imports 5.56 AR-15 pistol bearing Serial No: NS181935;

- Two Magazines; and

- 44 rounds of .223 caliber ammunition

(collectively, "Subject Property").

In his Rule 11 Plea Agreement, the defendant agreed to the Court's entry of a Preliminary Order of Forfeiture incorporating the forfeiture of the Subject Property and agreed that the forfeiture order would become final as to him at the time it is entered.

NOW, THEREFORE, pursuant to 18 U.S.C. § 924 and Federal Rule of Criminal Procedure 32.2, and based upon the defendant's guilty plea to Count One of the Information, the contents of his Rule 11 Plea Agreement, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. The defendant shall forfeit to the United States (a) any and all interest he has acquired or maintained in violation of 18 U.S.C. § 922(g) as described in Count One of the Information, which includes the Subject Property.

2. Pursuant to 18 U.S.C. § 924, the Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. The Court has determined, based upon the indictment and agreements contained in the defendant's Rule 11 plea agreement, and other information in the record, that there is a sufficient nexus between the Subject Property and his offense.

4. Pursuant to Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall become final and effective as to the defendant at the time it is entered, but it remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).  If no third party files a timely claim, this Order of Forfeiture shall become the Final Order of Forfeiture as to third parties as provided by Rule 32.2(c)(2).

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 21U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on www.forfeiture.gov  for at least thirty (30) consecutive days.  Said notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within

thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.  Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the

period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(810) 341-9764